ORIGINAL

**FILED**
April 30, 2020 11:43 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __ns__ SCANNED BY: _____/_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANDREW LEE-LEO HILL
    Plaintiff

v.

GRETCHEN WHITMER, GOVERNOR
HEIDI WASHINGTON, DIRECTOR M.D.O.C.
JOHN CHRISTIANSEN, WARDEN
    Defendant,
**JURY DEMAND**

Case No.

Hon.

**1:20-cv-372**
Paul L Maloney - U.S. District Judge
Sally J. Berens - U.S. Magistrate Judge

**COMPLAINT WITH JURY DEMAND**

### Introduction

This is a civil rights action filed by Andrew L. Hill, a state prisoner, for damages and Injunctive relief under 42 U.S.C. § 1983, alleging deliberate risk of Health and Safety due to Infectious Diseases Covid-19 in violation of the Eighth Amendment to the United State Constitution. The Plaintiff also alleges negligence.

### Jurisdiction

1.     The Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. § 1331(1) and 1343.

2.     The Plaintiff Andrew Lee-Leo Hill, incarcerated at St. Louis pole barn correctional Facility during the events of the outbreak of the Covid-19 Pandemic.

3.   Defendant Gretchen Whitmer is the Governor of Michigan. She is sued in her Individual and official capacity.

4.   Defendant Heidi Washington Director of Michigan Department of Correction. She is sued in her Individual and official capacity.

5.   Defendant John Christiansen Warden of St. Louis prison and is responsible for the protection of risk to inmates health and safety. He is sued in is Individual and official capacity.

6.   All the Defendants have acted, and continue to act under color of state law at all ties relevant to this complaint.

7.   During the month of March there was an executive order (stay at home), by Governor Gretchen Whitmer expressing to stay 6 feet apart from others, and no large gathering of more then 10 people during the Covid-19 pandemic.

8.   On April 2, 2020 Governor Whitmer had a live televised town hall meeting where she stated "**people congregating in small groups are in violation of her order.**"

9.   Plaintiff is at St. Louis pole barn where there is over one hundred inmates in one unit within a cube setting of 8 inmates in a 12 by 20 feet area which conflicts with the governor executive order.

10.   Governor Whitmer also stated during this town hall meeting that Washington to execute a plan to reduce

10. Governor Whitmer also stated during this town hall meeting that she will delegate Director Heidi Washington to execute a plan to reduce the prison population to be in compliance with her executive order but as of to date there is still 8 inmates to a cube area.

11. The Warden John Christiansen had not complied with the Governor's executive order, inmates are still being housed within a 12 by 20 feet per 8 men cube placing lives at risk, this negligence places Plaintiff health and safety at risk, also violate 'Federal square footage of 50-55 feet per inmate Rhodes v. Chapman 452 U.S. 337(1981).

12. The Covid-19 it's been said by Doctor's and the news media that African American are high risk for death especially those who have hypertension (High Blood Presure), Sugar Diabetes and Lungs Infection.

13. Plaintiff has hypertension so this would be a death sentence and was not sentence to death nor life in prison.

### Cruel and Unusual Punishment Eighth Amendment

14. Plaintiff as a chronic care patient of hypertension and African Americans are very high risk of the Covid-19 that result in death.

15. As of April 16, 2020 it has been reported by M.D.O.C's J-Pay that the total of inmates death are at eleven (11), and rising.

16. Prison officials have an obligation to protect prisoners from risk

of infectious diseases protected by the Eighth Amendment.

17. M.D.O.C. cannot fulfill the standard of protection from Covid-19, therefore Plaintiff is at risk of exposure which is revealed in several messages on J-Pay stating: "**it is inevitable Covid-19 will enter the prison system in Michigan.**" Which now turns Plaintiff date to be release and back with family, into a death sentence, due to Plaintiff underline health issues of hypertension and other related illnesses.

18. The Eighth Amendment forbids exposure of prisoner's to conditions that pose unreasonable risk of serious damage to their future health.

19. "The M.D.O.C. is not only violating the executive order of **SAFE DISTANCING**, but also placing Plaintiff life in danger and harms way by transferring once infected Covid-19 inmates (who has since recovered), here at St. Louis pole barns, where Plaintiff resides. There is no clinical testing or studies conducted that conclusively confirms that once someone is infected can't be re-infected as is stated within a J-Pay message from M.D.O.C's Dr. Carmen McIntyre Leon (Chief Medical Officer), on April 19, 2020 that says:..."the experts <u>**BELIEVE**</u> people who recently had Covid-19 can't be <u>**re-infected.**</u>" The word <u>**BELIEVE**</u> is not confirmation nor a guarantee that the transferred inmates symptom aren't laying dormant, thereby placing Plaintiff life in jeopardy. As of to date April 21, 2020 there are 45 positive cases of Covid-19 in various Michigan prisons, out of those 45 positive inmates 25 has died.

20. All parties mentioned in this suit refuse to act in the interest

of human lives under their care. One judge has stated that it would be barbaric to keep inmates locked up in such conditions.

### Exhaustion of Administrative Remedies

21.     The Plaintiff has exhausted his administrative remedies with respect to all claims and all Defendants.

### Previous Lawsuits

22.     Plaintiff have not been under the **"three strikes rule."**

23.     Plaintiff have not filed other lawsuits in state or federal court dealing with the same facts involved in this action.

### Claims for Relief

24.     The non-action of Defendant Gretchen Whitmer, Heidi Washington and John Christiansen are done maliciously and sadistically knowing that the Covid-19 can and will cause death especially of the African American which constitute **Cruel and Unusual Punishment** in violation of the Eighth Amendment of the United States Constitution.

25.     The failure of Defendants Gretchen Whitmer, Heidi Washington and John Christiansen to remove Plaintiff from the risk of death or harm is a

violation of the Eighth Amendment.

26.    The failure of Defendant Heidi Washington to implement a swift action to comply with the executive order, violates the Eighth Amendment.

27.    The deliberate indifference by Defendant John Christiansen failure to make plans to safely keep inmates apart from each other which also violates the executive order of a serious nature and invokes the Eighth Amendment.

28.    There are to be no transfers of inmates due to this executive order of the month of March but M.D.O.C. has transferred many infective inmates here at St. Louis pole barn facility as of April 23, 2020, thereby placing not only Plaintiff life but other non-infected inmates lives at risk of infection and death.

### Relief Requested

WHEREFORE, Plaintiff requests that the court grant the following relief:

A.    Issue declaratory judgment stating that:

1.    Defendant Whitmer failure to take drastic action considering the seriousness of the Covid-19 pandemic and the death toll of African inmates especially with major health issues violates Plaintiff rights under the Eighth Amendment to the United States constitution.

2. Defendant Washington refusal to act on behalf of Plaintiff safety and health to release him to his family where he has a much better chance of adequate health care, this to violates both executive order and the Eighth Amendment.

3. Defendant Christiansen failure to provide safe distancing, allowing once infected inmates to be transferred here at St. Louis pole barn which places Plaintiff health and safety at risk and violates the Eighth Amendment.

B. Issue an Injunction ordering Defendants Whitmer, Washington and Christiansen to:

1. Release Plaintiff from custody at St. Louis prison.

2. Place Plaintiff on tether and thereby would be able to pursue adequate health care for he is not a flight risk.

C. Award compensatory damages in the following amounts:

1. $650,000 severally against Defendant Whitmer for placing Plaintiff safety and health at risk.

2. $250,000 severally against Defendant Washington for

        violating executive order of **Safe Distancing**, and failing to protect from Covid-19.

3.    $100,000 severally against Defendant Christiansen for failing his obligation to protect Plaintiff from risk of infectious diseases.

D.    Award punitive damages in the following amounts:

1.    $100,000 against Defendant Whitmer;

2.    $50,000 against Defendant Washington;

3.    $30,000 against Defendant Christiansen.

E.    Grant such other relief as it may appear that Plaintiff is entitled.

Date April   , 2020

Respectfully submitted,

*Andrew J Hill*
Andrew L. Hill

Central Michigan Corr. Facility

St. Louis, MI 48880

Andrew L. Hill #197103
Central Michigan Corr. Facility
320 N. Hubbard Street
St. Louis, MI 48880

TO: Clerk of U.S. District Court
Western District U.S. Court
452 Federal Building 110 Michigan St. N.W.
Grand, MI 49503